JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Branden Overstreet, appeals the trial court's decision to deny his claim for unemployment compensation. After a thorough review of the arguments and for the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} On September 27, 2004, Overstreet was discharged from his employment with appellee, Mack Industries Inc. ("Mack"), for reckless operation and destruction of a company vehicle as well as falsification of an incident report, in violation of Mack's disciplinary policy. On October 4, 2004, he filed a claim for unemployment benefits with appellee, The Ohio Department of Job and Family Services ("ODJFS"). On October 19, 2004, ODJFS issued a determination of benefits denying Overstreet's claim. On November 9, 2004, Overstreet appealed ODJFS's findings; however, on February 14, 2005, ODJFS issued a redetermination of benefits affirming its previous decision. On February 28, 2005, Overstreet filed a second appeal, prompting ODJFS to transfer jurisdiction of the appeal to the Review Commission for determination. On June 28, 2005, an evidentiary hearing was held, and on July 8, 2005, the Review Commission issued a decision reversing the previous redetermination of benefits, granting Overstreet's unemployment compensation claim.
 {¶ 3} On July 21, 2005, Mack filed a request for review, and on August 25, 2005, the request was granted. On November 9, 2005, a decision was issued by the *Page 4 
full Review Commission advising the parties that a new decision in the matter would be issued without an additional evidentiary hearing. On December 15, 2005, a final decision was issued by the full Review Commission denying Overstreet's claim on the basis that he was discharged for just cause.
 {¶ 4} On January 9, 2006, Overstreet appealed the Review Commission's decision to the common pleas court. On July 12, 2006, the trial court issued a journal entry affirming the Review Commission's decision. On August 11, 2006, Overstreet filed his notice of appeal.
 {¶ 5} Overstreet was employed with Mack from October 2, 2003 until September 27, 2004. He worked as an installation laborer, and part of his duties required that he travel to remote work sites to install sewer treatment systems. Mack provides company cars for its employees like Overstreet, who are required to travel long distances for work. Mack's company policy provided that employees were to drive to its Valley City location to pick up a company vehicle and then drive to the remote work site. Upon returning to Valley City, employees were to leave the company car and drive their personal vehicle home.
 {¶ 6} In September 2004, Overstreet began work assignments at Mack's Michigan plant. On September 24, 2004, Overstreet was assigned to return a company car from the Valley City location to the Michigan facility with fellow employee, Jason Shriver. Overstreet's supervisor informed him that the vehicle *Page 5 
would be available on the morning of September 27, 2004 and needed to be returned to the Michigan plant that same day.
 {¶ 7} Although Overstreet's supervisor had only authorized him to pick up the vehicle on September 27th, he retrieved it on the 26th and drove it to his parent's home, where he was living at the time. He intended to drive the car later that evening to Shriver's home. Overstreet planned to spend the night at Shriver's so they could get additional sleep before driving the car to Michigan the following day. At 7:30 p.m. on September 26, 2004, Overstreet was preparing to leave for Shriver's house. As he was backing out of his parent's driveway, he lost control of the car and struck a telephone pole that was approximately 12 feet from the driveway.
 {¶ 8} As a result of this incident, the vehicle was disabled. After the incident, Overstreet contacted Steve Kemp, who was an installation manager for Mack, to inform him that he had been in an accident with a company vehicle. After hearing the details regarding the accident, Kemp instructed Overstreet to report to the Valley City facility the following day. When Overstreet reported to Valley City, several individuals went to the site of the accident to view the vehicle and the immediate area. In addition, Overstreet was asked to fill out an incident report detailing the accident. While filling out the incident report, Overstreet stated that he was traveling ten miles per hour when the accident took place. He also indicated that a tire on the vehicle blew out as he backed down the driveway, causing him to veer into a *Page 6 
telephone pole. After Mack reviewed the incident and contacted a local automobile dealer, it was determined that the car was totaled.
 {¶ 9} Overstreet was asked to sign an agreement to purchase the vehicle, or submit a claim to his personal insurance carrier to cover the loss. Overstreet had previously agreed to pay for any damages he caused to company property when he signed a damaged company property agreement at the time he was hired. Overstreet chose to purchase the vehicle and entered into an agreement with Mack to do so.
 {¶ 10} After Overstreet signed the agreement, his union representatives were called to a company meeting regarding the accident. During the meeting, the union representatives were informed of the results of Mack's investigation. After carefully investigating the scene of the accident, Mack determined that Overstreet was traveling at an excessive rate of speed and in a reckless manner. In addition, they concluded that he intentionally falsified his incident report when he indicated that he was only traveling ten miles per hour. As a result of Mack's findings, Overstreet's employment terminated at the conclusion of the meeting.
 {¶ 11} Overstreet brings this appeal asserting ten assignments of error for our review.[1] At the crux of his appeal is his assertion that the trial court's decision was *Page 7 
against the manifest weight of the evidence. More specifically, he asserts that the evidence presented did not support the Review Commission's finding that he was terminated for just cause. We find no merit in his arguments.
 {¶ 12} This court notes that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. CE. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus. The trial court is in the best position to weigh the credibility of the proffered testimony, thus an appellate court is guided by the presumption that the findings of the trier of fact were correct. Seasons Coal Co. v. Cleveland (1984), 10 Ohio B. 408,461 N.E.2d 1273. The trier of fact observes the witnesses and their demeanor, gestures, and voice inflections, making the fact finder the best judge of credibility. Id.
 {¶ 13} The Ohio Supreme Court has found that this test applies to questions of sufficiency as well and that an appellate court may not substitute its judgment for that of the trial court. ColumbiaOldsmobile, Inc. v. Montgomery (1990), 56 Ohio St.3d 60, 564 N.E.2d 455.
 {¶ 14} The trial court's conclusion that Overstreet was terminated for just cause was not against the manifest weight of the evidence. Not only did Overstreet willfully disobey his supervisor's instructions, evidence indicates that he also operated a company vehicle in a reckless manner and falsified an incident report. *Page 8 
 {¶ 15} Overstreet's supervisor only authorized him to pick up the company vehicle on the day that he intended to travel to Michigan. He intentionally disregarded his supervisor's instructions, picking up the car a day early and driving it to his parents' home, which was an unauthorized location. Overstreet confirmed his disregard for company policy when he testified that he was not authorized to pick up the company vehicle when he did.
 {¶ 16} In addition, Overstreet operated the car in a reckless fashion. Mack's safety director examined the scene of the accident, measured the skid marks in the driveway, and evaluated the severity of the damage to the car. After conducting a substantial amount of research, he determined that Overstreet was traveling at an excessive rate of speed and in a reckless manner when the accident occurred. The Review Commission and the trial court had the opportunity to view photographs of the accident scene as well as the report authored by the safety director, and they reached the same conclusion.
 {¶ 17} Lastly, Overstreet intentionally falsified his incident report. As a part of Mack's company policy, Overstreet was required to complete an incident report detailing the accident. When filling out the report, he indicated that he was traveling at roughly ten miles per hour when the accident occurred. Although he argues that this was merely an estimation, the evidence presented shows that he was traveling at a much higher rate of speed. Accordingly, it is clear that Overstreet intentionally attempted to conceal his actions during the accident, in order to escape liability. *Page 9 
 {¶ 18} The above analysis strongly indicates that competent and credible evidence was presented to the Review Commission, supporting its finding that Overstreet was terminated for just cause. Accordingly, the trial court's judgment affirming the Review Commission was not against the manifest weight of the evidence, and Overstreet's assignments of error are overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J., and MELODY J. STEWART, J., CONCUR
 APPENDIX
Appellant's ten assignments of error:
I. The trial court erred in finding there was sufficient evidence in the record to support the Unemployment Compensation Review Commission decision that Plaintiff-Appellant was fired for just cause.
II. The trial court erred as a matter of law as it forgot to take into consideration that there was an eye witness to the incident on September 26, 2004. *Page 10 
III. The trial court erred because the examination of the accident scene was tainted because Tim Weidrick, the safety manager, did not take any tools of measurement, did not speak to the eye-witnesses Roger Overstreet, and the vehicle in question had been moved from its resting spot so there is no way Tim Weidrick could have calculated the speed using any known theory of physics determining velocity.
IV. The trial court erred as there is not sufficient evidence in the record that suggests that the Plaintiff-Appellant deliberately or intentionally damaged Defendant-Appellee Mack Industries, Inc's beater vehicle that he used to drive to and from the work site in Michigan.
V. The trial court erred as there is not sufficient evidence that the Plaintiff-Appellant deliberately falsified the accident report because he repeatedly stated he didn't know what speed he was going and only gave an estimate of any speed.
VI. The trial court erred in not taking into consideration that this was an off-the-road incident not governed by Department of Transportation regulation and therefore no drug or alcohol test was warranted.
VII. The trial court erred in not taking into consideration that prior to terminating the Plaintiff/Appellant, Steve Kemp and Tim Weidrick intimidated him into agreeing to buy the beater vehicle for twelve hundred dollars($1,200).
VIII. The trial court erred because the decision of the Unemployment Compensation Review Commission was arbitrary and against the manifest evidence in the record.
IX. The trial court erred by not taking into consideration that fraud in the inducement as to the purchase of the beater vehicle vitiates just cause.
X. The trial court erred in arriving at its decision to affirm to consider that a substantial factor in the determination to terminate what that Plaintiff-Appellant had been drinking alcohol on the day of the incident which was initiated when Tim Weidrick investigated the incident site.
[1] Appellant has raised ten assignments of error for our review. They are addressed jointly because each assignment of error challenges the trial court's adoption of the Review Commission's findings as being against the manifest weight of the evidence. The assignments of error are included in the Appendix to this opinion. *Page 1